Rex, J.
On the 23d day of April, 1873, the defendant in error, Jacob H. Fiedler, in consideration of a certain sum of money, to be paid to him by Stephen L. Newcomb, the plaintiff in en-or, conveyed to Newcomb, by deed in fee simple, containing a covenant against incumbrances, cer *464 tain lands in the county of Delaware, in this state. On the 28th day of June, 1872, the commissioners of the county of Delaware, under the provisions of the act of April 12, 1871 (68 Ohio L. 60), established certain ditches through the lands, and required them to be completed by the owner on the 28th day of October, 1872. At the time the ditches were established, the commissioners awarded to the owner of the lands the labor of constructing such portions of the ditches, as, in cost of construction, would amount in value to the benefits to be derived to the lands by constructing the same, and estimated the value of constructing the portions of the ditches so awarded, at the sum of $735; and the ditches not having been completed, by the land-owner, within the time limited, the commissioners, at a public sale, held on the 26th and 28th days of July, 1873, let the construction of the same to the lowest bidder, for the sum of $631.07 — which amount, after the work was completed and accepted by the commissioners, was, by the county auditor, placed on the duplicate of Delaware county against the lands, to be collected as other taxes.
On the 11th day of July, 1873, Jacob H. Fiedler commenced an action, in the Court of Common Pleas of Morrow county, against Stephen L. Newcomb, to recover $131.86 — the unpaid balance of the purchase money of the lands; to which the then defendant, Newcomb, answered, setting up, as a defense to the payment of the purchase money, the value of the labor of constructing the ditches as estimated by the commissioners, which, he claimed, had not been constructed by Fiedler as directed by the commissioners, and which, at the time of the conveyance, was an incumbrance on the lands to the amount of $735 — the value of the construction of the same as estimated by the commissioners, on the 28th day of June, 1872. This defense was sustained by the Court of Common Pleas, on a demurrer filed to it by Fiedler, and upon issue joined, the cause was tried to a jury, and resulted in a verdict for the defendant, Newcomb. The cause was afterward removed to the District Court of said county on error, where the judgment *465 of the Court of Common Pleas was reversed, and the action of the District Court in reversing the judgment is now assigned for error here.
The main question raised by the assignment of errors in this court, and which is decisive of the case, is: Does the apportionment, under the act, by the commissioners of a. county, to the owner, of the labor of constructing a ditch through his lands, create an incumbrance upon the lands,, which may, to the extent of the estimated value of such labor, be set up, by a vendee to whom the lauds were conveyed, after the ditch was established and the apportionment made, arid before the completion thereof, by a deed in fee simple, containing a covenant against incumbrances, as a defense to an action by the vendor to recover the-unpaid purchase money?
The act above cited provides, that thé commissioners may,, when the same will be conducive to the public health, convenience, or welfare, upon a proper petition filed with the-auditor of a county for the purpose, establish ditches, make-just and fair estimates of the average value of the labor of constructing such ditches, apportion the costs and expenses-of locating, and the labor of constructing the same, in proportion to the benefits to be derived therefrom, to the several land-owners through or in the vicinity of whose lands-the same may be located, and specify the time and manner in which the labor shall be performed by the landowners; and, in the event that the land-owners fail to-complete the ditches within the time limited, to let the work at public sale to the lowest bidder; and on the completion of the same to the acceptance of the commissioners,, the county auditor shall issue a certificate to such bidder for the amount due,, and enter the amount of such certificate, with legal interest, on the duplicate of the county, against the tract or lot benefited by the opening of such ditches — which amount, so entered, the county treasurer shall collect as other taxes, and when collected, pay the-same to the holder of such certificate.
*466 The plaintiff in error insists that under this act, whenever the ditch is established, and any portion of the labor of constructing it has been awarded to the owner of the lands ■through which it is located, such lands are incumbered to the extent of the value of the construction thereof, as estimated by the commissioners. Is this position tenable? Au incumbrance, in the legal meaning of that term, is an estate or interest in, or. a right to, the land granted, to the ■diminution of its value. In Prescott v. Trueman, 4 Mass. 627, Parsons, C. J., defining an incumbrance, says: “It is .a paramount right which may wholly defeat the title of the grantee; it is a weight upon the land which may lessen its value.” The object of the act cited, is to increase the lands in value to the extent, at least, of the value of the labor expended in constructing the ditch. That it will benefit the lands to this extent, the commissioners must be satisfied of, before they can award any portion of the construction of it to the owner, even though it should be located through his lands.
We are therefore of opinion, that the estimated value of the labor of constructing the ditches through the lands was not, at the time of the execution and delivery of the conveyance by Fiedler to Newcomb, an incumbrance on the lands, which Fiedler, under the covenant against incumbrances, was bound to remove; and that, in an action brought by the vendor against the vendee, to recover the unpaid purchase money of the lands, the vendee can not avail himself of the estimated value of such labor to defeat a recovery by the vendor of the unpaid purchase money, or any part thereof; and hence there is no error in the judgment of the District Court.

Motion overruled.

Day, C. J., McIlvaine and White, JJ., concurring, Welch, J., not sitting.